**UNITED STATES of America**

v.

**$321,470.00 IN UNITED STATES CURRENCY.**

No. 86–220–A.

United States District Court, M.D. Louisiana.

June 17, 1987.

P. Raymond Lamonica, U.S. Atty., M.D. La., Richard N. Launey, Baton Rouge, La., for plaintiff.

John DiGiulio, DiGiulio & Hess, Baton Rouge, La., for defendant Michael Cambletta.

James E. Kuhn, Asst. Dist. Atty., Denham Springs, La., for intervenors.

Foy L. Lowe, Jr., Dept. of Public Safety & Corrections, Baton Rouge, La., for Dept. of Public Safety & Corrections, Office of State Police and Capt. Bill Spencer.

**JOHN V. PARKER, Chief Judge.**

This matter is before the court on: (1) plaintiff's motion for summary judgment; (2) intervenor's motion for summary judgment; (3) intervenor's motion to suppress; and (4) intervenor's motion to rescind this court's order of May 1, 1987. All of the motions are opposed. The court has conducted an evidentiary hearing on the motion to suppress and has heard oral argument of all the motions. Jurisdiction over this civil forfeiture action is based upon 28 U.S.C. §§ 1345 and 1355.

This is an *in rem* civil forfeiture proceeding against $321,470 in United States currency, seized from a vehicle driven by Michael Cambeletta.

The undisputed facts establish that Cambeletta was operating a new pick-up truck with camper. A temporary Tennessee license tag was affixed to the inside of the rear window of the camper. There was no license tag on the bumper of the vehicle. Louisiana State Trooper David K. Robertson, patroling I–12 after dark on February 1, 1986, observed Cambeletta's vehicle and stopped it for failing to display a license plate (LSA–R.S. 47:507(A), "a license plate ... shall be attached to the rear ..."). As soon as he directed his searchlight to the rear of the vehicle, Trooper Robertson observed the temporary license tag and realized that there was no violation of LSA–R.S. 47:507(A). He nevertheless decided to "check out" the driver of the vehicle and because he had a "hunch" based on Cambeletta's nervous responses to questions. The trooper requested that he sign a consent to search the vehicle form. Cambeletta signed the form and a subsequent search turned up $321,470. Subsequent to the search of the vehicle, another state police officer who had arrived on the scene found a celophane package of what ap-

peared to be cocaine, on the ground behind Cambeletta's vehicle, in the area where Cambeletta had been standing during questioning by Trooper Robertson. Cambeletta was charged with possession of cocaine. It is undisputed that Cambeletta was not the owner of the money, but was merely a possessor of the money, acting as a courier for another, whose identity has not been disclosed.

The government now seeks forfeiture of the currency pursuant to the drug forfeiture statute, 21 U.S.C. § 881(a)(6). Cambeletta intervened in this proceeding as a claimant of the money.

21 U.S.C. 881(a)(6) provides:

(a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this title, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this title, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

The government moves for summary judgment contending that Cambeletta has no standing to contest the forfeiture of the currency. Cambeletta contends that before the court may address the issue of claimant's standing, the government must establish that there was probable cause to seize the defendant property under 21 U.S.C. § 881(a)(6). Cambeletta contends that the failure of the government to carry this initial burden of establishing probable cause for forfeiture requires dismissal of this action and return of the money seized to its prior possessor and only claimant, Cambeletta.

The Fifth Circuit has specifically rejected intervenor's argument that the government must demonstrate probable cause for forfeiture before a claimant is required to prove standing. *United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370 (5th Cir.1986), rehearing denied with opinion, 802 F.2d 837, 838 (5th Cir.1986), cert. denied *sub nom. Newton v. United States*, —— U.S. ——, 107 S.Ct. 1889, 95 L.Ed.2d 496 (1987). In *Monstrance*, an art dealer, Newton, had possession of an eighteenth century Monstrance under a contract which permitted Newton to act as broker for the alleged owner of the art work. The court specifically held that a claimant in a forfeiture proceeding must first establish that he has standing to contest the forfeiture before the government can be required to demonstrate probable cause for the forfeiture. 802 F.2d at 838. The court further found that Newton had no standing to contest forfeiture because he had not established the requisite "ownership interest in the work." *Monstrance*, 802 F.2d at 838. To establish standing to contest forfeiture a claimant must show "a facially colorable ownership interest of either a legal or equitable nature and mere physical possession is not sufficient to confer standing to contest forfeiture." *Id.* at 838.

Although the forfeiture in *Monstrance* involved the unlawful importation provisions of 18 U.S.C. § 545, rather than the drug forfeiture provisions of 21 U.S.C. § 881(a)(6) with which we are concerned, it is clear that the standing requirement applies to any forfeiture proceeding. 797 F.2d at 1374–75. See also *United States v. $38,600*, 784 F.2d 694, 699 (5th Cir.1986). Cambeletta, as a mere possessor of the money, who admittedly has no ownership interest, has no standing to contest forfeiture. Accordingly, the motion for summary judgment filed by intervenor Cambeletta is DENIED and the government's motion for summary judgment seeking dismissal of the claim of intervenor Cambeletta is GRANTED.

Cambeletta, in his motion to suppress, strongly attacks the validity of the search

and seeks to suppress all evidence obtained at the scene. Several serious issues are raised concerning the trooper's activities in continuing to detain Cambeletta after he realized that he had no probable cause to do so. Unfortunately, the court's finding that intervenor, Cambeletta, has no standing to contest the forfeiture renders Cambeletta's motion to suppress moot.

On May 3, 1987, the court granted an ex parte motion by the Louisiana Department of Public Safety and Corrections for an order which sealed and prohibited dissemination by counsel of the deposition testimony of the state troopers and other information supplied to counsel. The court requested that counsel designate by line and page of each deposition precisely what testimony should be maintained as confidential. Counsel has done so and the court has carefully reviewed the depositions. The court concludes that there is no information in the deposition testimony which would realistically impede law enforcement efforts by becoming public. The court concludes that the order of May 3, 1987, was improvidently issued. Accordingly, it is hereby VACATED and SET ASIDE.